MARTHA A. GUION Respondent, *v.* DAVID T. WILLIAMS
*et al.*, as Executors, etc., Appellants.

*Supreme Court, Second Department, General Term, December* 9, 1889.

*Trusts. Resulting.*—Where, upon the death of the testator, who had charge
　　of his wife's money matters, two certificates of stock, one in his name
　　as trustee and the other in his name individually, were discovered in a
　　box, inclosed in an envelope endorsed with a direction to deliver them
　　to her, and it appeared that they were so issued under the rules of the
　　company though her money paid for them, and that the interest thereon
　　was deposited to her account, she was held to be entitled to the posses-
　　sion of such stock.

Appeal from judgment directing defendants to transfer to
plaintiff two 50 share certificates of stock, and from order
granting plaintiff an extra allowance of $600.

The court below delivered the following opinion:

·BARNARD, J.—The evidence fully supports the plaintiff's
title to the stock in question.

The plaintiff's deceased husband, B. L. Guion, managed
her estate.

There were found in a box, after his decease, in the Stuyve-
sant Safe Deposit Company four certificates of stock in an
envelope in the handwriting of deceased, marked " M. A.
Guion."

The envelope was endorsed as follows : Fifty shares Amer-
ican Express ; fifty shares Wells-Fargo ; fifty shares Adams ;
fifty shares Rock Island, standing in my name, which my
executors will transfer to M. A. Guion. The bank books
belong to those in whose name they stand.　October 8, 1885.

B. L. GUION.

This endorsement is dated subsequently to the will.

The statement in reference to the bank books refers to sundry saving bank books which were found in his box.

The stock was represented by four certificates. One, the Adams Express Co., was issued to B. L. Guion in trust for Martha A. Guion. One, the Wells Fargo Express Co., was issued in the same way. One, American Express Co. certificate, was issued to Benjamin L. Guion, trustee, of New York.

The Chicago and Rock Island stock stood in the name of B. L. Guion individually.

The executors assigned all the certificates but the American Express and the Rock Island stock.

As to the American Express stock the plaintiff has the written declaration of deceased, that this stock was held as trustee for some one. It was with other stocks wherein the plaintiff was named as beneficiary, and the deceased gave directions to his executors to transfer the same to plaintiff.

The American Express stock was bought in large part with the plaintiff's money on deposit with Williams & Guion.

The original certificate had on it a power with the name of deceased in the wrong place, but with the full declaration that it was " for Martha A. Guion."

This was subsequently changed to B. L. Guion, trustee. The usage of the express company is proven to be that it will not issue a certificate to a trustee for a specific person without the deed of trust, but that it will issue one to a person as trustee with no named beneficiary.

The interest drawn on this stock was deposited to plaintiff's account.

Some are actually proven to have been so deposited by deceased.

Some are fairly inferable from the bank book accounts.

As to American express stock there is supporting evidence to supply the actual name of the beneficiary with the certificate standing in the name of deceased as trustee for some one.

The Chicago & Rock Island certificate belongs to plaintiff. It was bought in blank and filled in by the clerk of John J. Cisco & Son as sold to B. L. Guion, in trust for M. A. Guion. This was the order for the purchase made by deceased.

This company also had a rule not to issue certificates at all to a trustee, unless the declaration of trust was produced; when the certificate bought by deceased for his wife reached the railroad office, a certificate was refused; Cisco's clerk thereupon erased the words, " as trustee for M. A. Guion," following the name of B. L. Guion. No authority is proven for this, either by deceased or by plaintiff.

The title of the plaintiff was complete when the certificate was purchased, and the plaintiff's title was not divested by the act of Cisco's clerk, in accordance with an arbitrary rule of the American Company.

The plaintiff is, therefore, entitled to recover both certificates.

*Charles N. Judson*, for respondent.

*Woodward & Buckley*, for appellants.

DYKMAN, J.—This is an action in equity to procure a judgment declaring certain stock to be the property of the plaintiff.

The testimony was taken before a referee, appointed for that purpose, with power to take the same and report it to the court with his opinion. Besides taking the testimony and reporting the same to the court with his opinion, the referee undertook to make findings of fact and law and to decide the case against the plaintiff. That was beyond the scope of his authority, and his findings have neither place nor influence in the case.

When the case was presented to the judge at special term he found no difficulty in deciding the case in favor of the plaintiff and did so by appropriate findings of fact and conclusions of law.

Judgment has been entered upon such findings, and the defendants appeal therefrom and from the order granting an additional allowance to the plaintiff.

There is no merit in either appeal. The testimony was abundant to establish the claim of the plaintiff, and left no excuse for the defense of the action.

As we fully concur in the opinion rendered by the judge at the special term, it is neither profitable nor necessary to make a lengthy examination or statement of the case here.

The judgment and order appealed from should be affirmed, with costs.

PRATT, J., concurs; BARNARD, P. J., not sitting.